F. W. Myers Company, Inc. (F. H. Leggett & Co.) *v.* United States

No. 8120.—

Entry Nos. A–6372; A–6495; A–6630.

First Division, Appellate Term

dated May 26, 1952)

*Marlow & Hines; John D. Rode*, associate counsel; for the appellant.

*Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellee.

Before Oliver, Cole, and Mollison, Judges; Oliver, C. J., dissenting

ORDER

This case, as a review of *F. W. Myers Company, Inc. (F. H. Leggett & Co.)* v. *United States*, 22 Cust. Ct. 368, Reap. Dec. 7646, was the subject of our decision in *Same* v. *Same*, 27 Cust. Ct. 473, Reap. Dec. 8062. Later, and under timely motion for rehearing, our previous opinions (Reap. Dec. 8062, *supra*) were discussed in oral argument permitted to both sides.

During the course of the said argument, counsel for the respective parties agreed to supplement the testimony in the original record with new facts presented in this form:

Mr. AUSTER: I am willing to stipulate for the purpose of this case that Mr. H. H. Ayer, General Traffic Manager, of the Canada Packers Limited, informed a Customs Agent on March 5, 1952, this month, that the prices of $1.05 per dozen tins, plus 8 per cent sales tax to wholesalers, and $1.30 per dozen tins, including 8 per cent sales tax to retailers, were maximum prices fixed by the Wartime Price and Trade Board and these maximum prices were not fixed by or controlled by Canada Packers Limited. For the court's information, I had a further investigation conducted to ascertain the facts. I have just read part of that report which just arrived only on March 12th. I am willing to stipulate that as facts in this case, if counsel will agree to it.

Mr. RODE: I certainly will agree to it.

In view of the foregoing stipulation, presenting new and additional facts, we feel that the trial judge should have the benefit of the same for any reconsideration of previous findings that that court may deem advisable.

It is therefore ORDERED that our decision, Reap. Dec. 8062, *supra*, and the judgment attached thereto, be and the same are hereby vacated, and

It is FURTHER ORDERED that the judgment of the lower court be and the same is hereby reversed, and the case be remanded to the trial judge for a new trial.

### DISSENTING MEMORANDUM

OLIVER, Chief Judge: Inasmuch as I filed a dissenting opinion in this case (Reap. Dec. 8062) and refrained from participating in the judgment pursuant to the majority opinion therein, I cannot consistently join in an order vacating said judgment and remanding the case to the trial judge for a new trial. I consider that the sales of the merchandise for consumption in Canada were made in a controlled market and, therefore, the proper basis of value should be export value, which was the entered value. Further, I fail to see wherein the stipulation, referred to in the order of the majority, adds any facts determinative of the law in this case.