(Reap. Dec. 8209)

F. W. Myers Company, Inc. (F. H. Leggett & Co.) *v.* United States

Entry Nos. A–6372, A–6495, and A–6630.

(Decided on remand [Reap. Dec. 8120] April 15, 1953)

*Marlow & Hines*; *John D. Rode*, associate counsel; for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Guy Gilbert Ribaudo* and *Daniel I. Auster*, special attorneys), for the defendant.

EKWALL, Judge: This case involves three appeals for reappraisement of canned pumpkin imported from Canada during May 1945. The merchandise was invoiced at $1 (United States currency) per dozen cans, entered at $1.05 (Canadian currency) per dozen cans, plus 8 per centum Canadian sales tax, and appraised on the basis of foreign value at $1.30 (Canadian currency) per dozen cans, less 2½ per centum cash discount, less one-fourth of 1 per centum for leaks and swells, plus 8 per centum Canadian sales tax. Plaintiff claims that there is no foreign value on the ground that the Canadian market is controlled; that the merchandise is properly dutiable on the basis of export value; and that the invoice price represents the export value.

This case was originally heard before Judge Cline, sitting in reappraisement, and it was held on the record presented that the foreign value was the proper basis for the determination of the value of the imported merchandise. The appraised value was, therefore, affirmed. *F. W. Myers Company, Inc. (F. H. Leggett & Co.)* v. *United States*, 22 Cust. Ct. 368, Reap. Dec. 7646. A motion for rehearing made by the importer was denied. *Same* v. *Same*, 22 Cust. Ct. 410, Reap. Dec. 7670.

An application for review was filed by the importer and the appellate division modified the decision of the trial judge to the extent that it found the dutiable foreign value to be the appraised value, less the Canadian sales tax of 8 per centum, which the Government conceded had no application. *F. W. Myers Company, Inc. (F. H. Leggett & Co.)* v. *United States*, 27 Cust. Ct. 473, Reap. Dec. 8062. Thereafter, upon motion of the importer, an order was granted remanding the case to the trial court for the purpose of introducing further proof. *Same* v. *Same*, 28 Cust. Ct. 546, Reap. Dec. 8082. Said order was subsequently vacated on the court's own motion and the importer's motion for a rehearing was set down for argument. *Same* v. *Same*,

28 Cust. Ct. 556, Reap. Dec. 8088. After argument, during which a stipulation (hereinafter set forth) was entered into by counsel, an order was issued vacating the judgment of the appellate division, ordering the judgment of the trial court reversed, and remanding the case for a new trial. *Same* v. *Same*, 28 Cust. Ct. 666, Reap. Dec. 8120. When the case again came before the trial court (Ekwall, J. sitting in place of Cline, J.), it was submitted on the record, including the aforementioned stipulation, without the introduction of further evidence.

The facts in this case as presented at the original hearing are as follows: Insofar as the foreign market is concerned, it appears from an affidavit of Harry Grimson, canned food sales manager of Canada Packers, Ltd. (the exporter), dated November 28, 1947, that during April, May, and June 1945, his firm offered and sold such or similar canned pumpkin to wholesalers in Canada in any quantities at a price of $1.05 a dozen cans, less certain discounts, plus sales tax, which price was the ceiling price allowed by the Wartime Prices and Trade Board of Canada on sales by canners to wholesalers. Mr. Grimson stated also that sales were made by his firm to retailers in any quantities at a price of $1.30 a dozen cans, including tax, which price was the ceiling price allowed by the said Board on sales by wholesalers to retailers.

A report of Treasury Representative F. H. Bunting, dated November 30, 1945, quotes a letter from H. H. Ayer, general traffic manager of Canada Packers, Ltd., wherein it is stated that said firm freely offered canned pumpkin in carload quantities to anyone in Canada at a price of $1.05 a dozen cans, but no sales in that quantity were made. Sales in quantities of from one to five cases were made to small retail butchers at $1.30 a dozen cans. Mr. Bunting's report states further that said firm was not willing to furnish copies of its sales in 1945 for domestic consumption but that he had been advised that the greatest number of sales in 1945 was to Canadian dealers at $1.30 per dozen cans.

Upon these facts, the trial court stated (*F. W. Myers Company, Inc. (F. H. Leggett & Co.)* v. *United States*; 22 Cust. Ct. 368, 371, Reap. Dec. 7646):

It is impossible to tell from this evidence whether sales or offers to sell were made to all wholesalers at a price of $1.05 a dozen, the claimed ceiling price, or whether such price was offered only to those who would buy in carload lots. While it is stated that the merchandise was offered to wholesalers at $1.05 a dozen and to retailers at $1.30 a dozen, it is not clear that *all* purchasers could not have bought at $1.30 a dozen. The only actual sales in Canada mentioned in either the affidavit or the report were at $1.30 a dozen, and there is a statement in the report that the greatest number of sales was at $1.30. * * * [Italics quoted.]

The vacated decision of the appellate division (Reap. Dec. 8062) agreed with the trial court's conclusion that on the record presented it was not clear that all purchasers could not have bought at $1.30 a

dozen. The appraiser's finding of foreign value on that basis was, therefore, affirmed.

On the argument of the motion for rehearing before the appellate division, counsel for the Government stated:

MR. AUSTER: I am willing to stipulate for the purpose of this case that Mr. H. H. Ayer, General Traffic Manager, of the Canada Packers Limited, informed a Customs Agent on March 5, 1952, this month, that the prices of $1.05 per dozen tins, plus 8 per cent sales tax to wholesalers, and $1.30 per dozen tins, including 8 per cent sales tax to retailers, were maximum prices fixed by the Wartime Price and Trade Board and these maximum prices were not fixed by or controlled by Canada Packers Limited. For the court's information, I had a further investigation conducted to ascertain the facts. I have just read part of that report which just arrived only on March 12th. I am willing to stipulate that as facts in this case, if counsel will agree to it.

MR. RODE: I certainly will agree to it. * * *

In view of this stipulation, it must be accepted as facts in the case that the price of $1.05 per dozen tins, plus tax, was the maximum price to wholesalers, and the price of $1.30 per dozen tins, including tax, was the maximum price to retailers, and that said prices were fixed by the Canadian Wartime Prices and Trade Board. It is evident, therefore, that all purchasers could not buy at $1.30 per dozen cans, since the maximum price to wholesalers was fixed at $1.05 per dozen cans. On the other hand, the price to retailers was fixed at $1.30 per dozen cans, and there is no evidence of offers or sales to them at any other price. There is nothing to indicate that the prices fixed by the Board depended in any way upon the quantity purchased.

The mere fixing of prices by the Canadian Wartime Prices and Trade Board would not prevent the finding of foreign value. *United States* v. *Michele Diagonale*, 22 C. C. P. A. (Customs) 517, T. D. 47497; *United States* v. *Graham & Zenger, Inc.*, 31 C. C. P. A. (Customs) 131, C. A. D. 262. However, it is now clear that the Board fixed two different prices for the same merchandise, depending upon the class of purchaser and not the quantity purchased. There was no price at which all purchasers could buy. In such a situation, no foreign value can be found in accordance with the provisions of the statute that the foreign value shall be the price at which the merchandise "is freely offered for sale for home consumption to all purchasers." (Section 402 (c), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.) A single price at which the merchandise is freely offered to all purchasers must be established in order to find the statutory dutiable value. *United States* v. *M. Minkus*, 21 C. C. P. A. (Customs) 382, T. D. 46912; *United States* v. *Mexican Products Co.*, 28 C. C. P. A. (Customs) 80, C. A. D. 129.

In a recent case, *Glanson Co.* v. *United States*, 29 Cust. Ct. 508, Reap. Dec. 8182, it appeared that the merchandise was offered for sale in Canada at different prices for each of three classes of pur-

chasers, namely, jobbers and wholesalers, chain and department stores, and other retailers. The court held that no foreign value could be found, stating:

But there is nothing in the statute as written which would support the selection of one value and the discarding of all others where merchandise is offered for sale at a series of prices depending, not upon the quantity purchased, but upon the category of the purchaser. When the question of usual wholesale quantities is not a factor, as in the case at bar, the statute does not have left therein a word which would suggest selection of one price out of several prices, as does the word "usual" in "usual wholesale quantities." Contrariwise, the statute specifically calls for that price at which the merchandise is offered to "all" purchasers.

In truth and in fact, such a price did not exist under the facts in the case at bar. The price at which the merchandise was offered for sale to retailers was no more the price at which it was offered for sale to "all" purchasers than was the price to wholesalers or the price to chain and department stores. * * *

A similar situation exists in the case at bar. There is no one price at which the merchandise is freely offered for sale to all purchasers in the home market. Therefore, no foreign value may be found.

As to export value, Edward H. Spencer, buyer of canned vegetables for the importer herein, testified that the imported merchandise was purchased for $1.05 (Canadian currency) per dozen cans and $1 (United States currency) per dozen cans, $1.05 in Canadian currency being equal to about 95 cents in United States currency at that time. He stated that during the period from February to July 1945, canned pumpkin of the same kind and quality was freely offered to his firm, and purchases were made from various dealers at those prices. Toronto was one of the principal markets of Canada for this merchandise.

Harry Grimson stated in the affidavit above referred to that such or similar merchandise was freely offered to all purchasers in the principal markets of Canada in the ordinary course of trade for exportation to the United States at the price of $1 (United States currency) per dozen cans, including the cost of containers and packing; that such sales and offers were for carload quantities; and that such or similar merchandise was not offered or sold for exportation to the United States in less than carload quantities. The report of Treasury Representative Bunting, dated November 30, 1945, also states that canned pumpkin was offered for sale to customers in the United States in carload quantities at $1 (United States currency) per dozen cans, including packing. That price, therefore, is the proper export value of the imported merchandise.

On this record, I find as facts:

1. That the imported merchandise consists of canned pumpkin exported from Canada during May 1945.

2. That said merchandise was invoiced at $1 (United States currency) per dozen cans, entered at $1.05 (Canadian currency)

per dozen cans, plus 8 per centum Canadian sales tax, and appraised on the basis of foreign value at $1.30 (Canadian currency) per dozen cans, less 2½ per centum cash discount, less one-fourth of 1 per centum for leaks and swells, plus 8 per centum Canadian sales tax.

3. That at the dates of exportation herein said merchandise was offered and sold for home consumption in Canada at a maximum price of $1.05 per dozen cans, plus tax, to wholesalers, and at a maximum price of $1.30 per dozen cans, including tax, to retailers; that said prices were fixed by the Wartime Prices and Trade Board of Canada and did not depend upon the quantity purchased.

4. That there was no one price at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of Canada in the usual wholesale quantities and in the ordinary course of trade.

5. That at the date of exportation herein such or similar merchandise was freely offered for sale to all purchasers in the principal market of Toronto, Canada, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at $1 (United States currency) per dozen cans, packed.

I conclude as matters of law:

1. That there is no foreign value for the imported merchandise, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

2. That the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for determining the value of the within merchandise.

3. That such value is $1 (United States currency) per dozen cans, packed.

Judgment will be rendered accordingly.